JOHN ELLIOT & others *vs.* WILLIAM A. HAYES & another, Executors.

A guaranty that the owner of stock in a corporation shall receive dividends thereon of a specified amount for a certain number of years, he paying to the contractor all he receives above that amount, is valid.

METCALF, J. The defendants' testator, by an instrument un der seal, "guarantied and assured" the plaintiffs that they should, for ten years, receive yearly dividends of five dollars on each of their shares (to the number of three hundred) of the preferred

stock in the Cheshire Railroad.   No consideration, besides that which the seal imports, was necessary to the validity of this guaranty.   Yet it appears that there was a sufficient actual consideration for it in the plaintiffs' engagement to pay the testator all that the yearly dividends might exceed five dollars on a share.   Those dividends have fallen short of five dollars ; and this action is brought to recover the deficiency.   The action is defended on the alleged ground that it is on a mere wager. And if it were on a wager contract, we should not sustain it. But it is not.   The contract, not only in words, but also in its plain design and purpose, is a guaranty to the plaintiffs of a certain yearly profit on railroad stock owned by them.   And nothing on its face, or in the facts agreed, discloses any illegality or unfairness.   We therefore cannot find any reason why the plaintiffs should not recover.   In *Kirkby* v. *Wright*, 2 Myl. & K. 131, a contract, by which the defendant guarantied to the plaintiff that the net profits of his business should amount, for a certain time, to a specified sum, was enforced in chancery ; no question being made as to its validity.   And in *Newmarket Railway* v. *Churchwardens &c. of St. Andrew*, 3 El. & Bl. 94, no doubt was intimated as to the validity of an undertaking to secure to a railway company a yearly dividend of three per cent. on its share capital.

If the contract, in the present case, had been put into the form of a policy of insurance, it is certain that it would not have been a wager policy.   3 Kent Com. (6th ed.) 275, 276. 1 Arnould or Ins. 17, 276.   Smith on Con. (4th Amer. ed.) 258, 259.                          *Judgment for the plaintiffs.*

*H. C. Hutchins*, for the plaintiffs.

*C. F. Choate*, for the defendants, cited *Amory* v. *Gilman*, 2 Mass. 1 ; *Babcock* v. *Thompson*, 3 Pick. 449 ; *Ball* v. *Gilbert*, 12 Met. 397 ; *Doolubdass Pettamberdass* v. *Ramboll Thackoorsey-dass*, 7 Moore P. C. 239 ; 3 Kent Com. (6th ed.) 278 ; 2 Parsons on Con. 261, 262.